```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD BETHEA              :      CIVIL ACTION
                           :
     v.                    :
                           :
JOYCE ADAMS, et al.        :      NO. 06-4532
```

ORDER

        AND NOW, this 3rd day of May, 2007, upon careful and independent consideration of Donald Bethea's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #1), which we reclassified as a petition pursuant to 28 U.S.C. § 2241, see Order of Nov. 15, 2006 (docket entry #2), the Commonwealth of Pennsylvania's response to the petition (docket entry #21), the Report and Recommendation of the Honorable Linda K. Caracappa, United States Magistrate Judge (docket entry #28), and Bethea's pro se memorandum of law (docket entry #27) and Objections to the Report and Recommendation (docket entry #29), and the Court finding:

        (a)  Bethea was formally arraigned in the Court of Common Pleas of Philadelphia County on August 9, 2005, and his trial is scheduled to begin on May 9, 2007;

        (b)  His habeas petition alleges a violation of his right to a speedy trial and makes an ineffective assistance of counsel claim;

        (c)  Because Bethea filed his petition for writ of habeas corpus on October 11, 2006, seven months before his trial, he is not "in custody pursuant to the judgment of a State court" under 28 U.S.C. § 2254, so we review his petition under 28 U.S.C.

§ 2241, which provides the extraordinary remedy of a pre-trial writ of habeas corpus;

(d) While federal courts have the power to consider a habeas corpus petition on the merits of a constitutional defense to a state criminal charge before a final judgment of conviction, Ex parte Royall, 117 U.S. 241, 252-53 (1886), considerations of federalism counsel against the exercise of such power absent special circumstances, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-91 (1973);

(e) Our Court of Appeals has found that pre-trial habeas relief is only proper in "extraordinary circumstances," and, absent such circumstances, the petitioner must exhaust state remedies and make a "special showing" of the need for the relief requested, Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975);

(f) There is no distinction between the exhaustion requirement for § 2254 and § 2241, id. at 442, and that requirement is satisfied when a "state prisoner[] [has] give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999);

(g) Here, Judge Caracappa correctly concluded that Bethea has neither exhausted his state remedies nor has he claimed any extraordinary circumstances;

(h) Therefore, we shall dismiss Bethea's petition under 28 U.S.C. § 2241 with prejudice; and

2

(i)  Because Bethea has not made a substantial showing of the denial of a constitutional right, we shall not issue a certificate of appealability, see 28 U.S.C. § 2253(c),

It is hereby ORDERED that:

1.  Bethea's Objections to the Report and Recommendation are OVERRULED;

2.  The Report and Recommendation is APPROVED and ADOPTED;

3.  The petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED;

4.  We decline to issue a certificate of appealability; and

5.  The Clerk shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.